## Christie *v.* Steelsmith, Appellant.

*Opening judgments—Conflicting evidence—Discretion—Review.*

On an application to open a judgment, where the main question relates to alleged misrepresentations made by plaintiff's agent, and it appears that the testimony of the defendant is unsupported by corroborating evidence, while the evidence of the agent, a disinterested witness, is a flat denial of the testimony of defendant, and is supported by other testimony, the court will discharge the rule to open the judgment.

The Supreme Court will not interfere with the discretion of the court below in such cases, unless it is made plainly to appear that there was error in the action of the court.

Argued Oct. 16, 1893.   Appeals, Nos. 263–6, Oct. T., 1892, by defendant, from order of C. P. Butler Co., Dec. T., 1891, Nos. 413–16, discharging rules to open judgments, H. W. Christie, for use, against Amos Steelsmith.   Before GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rules to open judgments.   Before HAZEN, P. J.

The opinion of the court below was in part as follows :

" Defendant, in his petition, avers that John H. Sutton was the plaintiff's agent for the sale of this leasehold interest and property, and negotiated this sale to him for plaintiff.   He further represents that Sutton then represented the daily production of oil from the two producing wells to be ' 210 barrels and better right along, and even better' ; and that the machinery on this lease was all good and in first-class order ; and that he had no personal knowledge of this property ; and relying solely upon the truth of these statements so made, he made this purchase and gave these notes in suit as a part of the purchase money.   He avers further that these representations so made were false and fraudulent, and misled him and wronged him ; and that the daily production was not ' 210 barrels, and even better,' but far less than that quantity ; and that the machinery was not first-class, and was not in good condition, but that it was old and inferior, and in bad condition. Defendant's deposition was taken in support of the averments in his petition, and he testifies to the same matters.   If the representations were made either by plaintiff or his authorized

agent as claimed to have been made and .they were untrue, as defendant claims, and he was deceived and cheated in this bargain by reason thereof, then he would have good grounds of complaint and should defend against payment of these notes to the extent of the wrong done him.

" The deposition of John H. Sutton was taken on behalf of the plaintiff. He is a competent but disinterested witness. He is an oil producer of many years' experience and in many oil fields. He testifies that defendant came to him and introduced the subject, and inquired if he, Sutton, knew whether plaintiff's interest in said lease was for sale or not, and when told that plaintiff had offered his said interest for sale shortly prior to that time, replied that he would like to purchase it. Further, Sutton testifies positively that he did not make any representations regarding the machinery to defendant, and that he did not negotiate this sale to the defendant for the plaintiff, and that he did not represent to defendant that the two wells on this lease were producing ' 210 barrels, and even better,' of oil per day, or that they were producing any quantity, and further that he was not the agent of the plaintiff to sell this interest, and did not sell it. He testifies that, when defendant asked him about this interest being for sale, he stated to defendant what the employees at the wells said they were producing, and that this was his source of information. He further testifies that he settled with defendant for the expenses of operating said wells, and that defendant did not pay any bills for debt incurred previous to his purchase, and that defendant struck from the bills all items which he claimed he ought not to pay, and such items were not paid. His testimony is clear and unequivocal ; he contradicts defendant in every material allegation covered in his petition and prayer. Defendant is an interested but competent witness. If there was nothing more in this case than the notes, the obligations evidencing the debt, and the testimony of these two witnesses, both competent, but one disinterested, supported by the obligations, the other deeply interested and unsupported, and each contradicting the other, it is apparent that this rule must be discharged. But there is more in this case, though not favorable to this rule. Plaintiff and use plaintiff both answered this rule and traversed all material averments in it.

" Plaintiff's deposition was taken and he testifies that he was met by defendant and inquired of as to his willingness to sell this interest, and that he negotiated this sale with defendant himself, and that John H. Sutton did not do so, and was not authorized so to do. Then is it a fact, established by the weight of evidence, that John H. Sutton was the agent of the plaintiff for the sale of this interest in this property ; and that he negotiated this sale for his principal to defendant; and that he in so doing made said representations to defendant regarding the production of oil from the two wells and the machinery on the lease, and that said representations were untrue, and that defendant relied solely upon them in making the purchase, and by reason thereof was cheated ? Sutton may have been plaintiff's agent in the matter and may have made the sale, but unless he did more, this would not help defendant. He must have made the false and misleading representations which misled defendant, or defendant has no good grounds of complaint. Defendant has no grounds of complaint for anything said by plaintiff, nor does he claim any. His cause of grief is laid solely at Mr. Sutton's door. Sutton denies all which defendant avers. It is clear that this venture turned out unprofitable to defendant. It seems that about the time of his purchase this territory was about drained of its oil. There is no evidence that up to this time this fact was known, but there is evidence since to show with reasonable certainty that this was the fact. But we have nothing to do with unprofitable or improvident bargains. Fraud is charged in this transaction, but in the light of all the evidence we cannot say that it has been shown to exist. The clear weight of evidence is with the plaintiff and against defendant. Having reached this conclusion, it only remains to make the formal order refusing the prayer of petition, discharging this rule at the cost of petitioner."

Rule discharged. Defendant appealed.

*Error assigned* was discharge of rule.

*J. M. Galbreath, J. B. McJunkin* with him, for appellant, cited: Gas Co. v. Cook, 123 Pa. 171 ; Keough v. Leslie, 92 Pa. 424 ; Caley v. R. R., 80 Pa. 363 ; Wheeler v. Hughes, 1 Dal. 27 ; Eldred v. Hazlett's Adm'rs, 33 Pa. 307 ; Lane v. Smith,

103 Pa. 415; Musser v. Hyde, 2 W. & S. 314; Brooke v. R. R., 108 Pa. 530; Ludwick v. Croll, 2 Yeates, 465; Heastings v. McGee, 66 Pa. 384.

*T. C. Campbell*, for appellees, cited: Babcock v. Bay, 104 Pa. 4; Bank's Ap., 124 Pa. 337; Hindman's Ap., 85 Pa. 466; McConomy v. Reed, 152 Pa. 42; Bispham's Eq., §§ 202, 259; Pearsoll v. Chapin, 44 Pa. 9; Negley v. Lindsay, 67 Pa. 228; Humphrey v. Tozier, 154 Pa. 410.

PER CURIAM, October 30, 1893:

The opinion of the court below refusing to open the judgments in question is very full and exhaustive. On the main question of the alleged misrepresentations the learned court shows that the testimony of the appellant is interested and is unsupported by corroborating evidence, while that of Sutton, the alleged agent, who, it is claimed, made the misrepresentations, is disinterested, and is a flat denial of the facts as testified to by Steelsmith, and is supported by other testimony. These considerations induced the court below to refuse the application to open the judgments, and the reasons given are satisfactory to us. We do not interfere with the discretion of the court below in such cases unless it is made plainly to appear that there was error in the action of the court. We fail to discover such error here.

Decree affirmed.